IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERICA CARDENAS,**<br><br>*Plaintiff,*<br><br>*v.*<br><br>**LENDEAVOR GROUP LLC**,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Erica Cardenas ("Plaintiff Cardenas" or "Cardenas") brings this Class Action Complaint and Demand for Jury Trial against Defendant Lendeavor Group LLC d/b/a Lendeavor ("Defendant" or "Lendeavor") to stop Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing telemarketing calls to consumers without consent including calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Cardenas, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Cardenas is a resident of Chula Vista, California.

2. Defendant Lendeavor is a company registered in New York, New York. Defendant Lendeavor conducts business throughout this District and throughout the US, including California.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is headquartered in this District and places telemarketing calls to consumers from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.8 billion robocalls were placed in May 2025 alone, at a rate of 155.8 million per day. www.robocallindex.com (last visited June 30, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Lendeavor provides loans to businesses throughout the US.

15. Lendeavor places solicitation calls to businesses and individuals that may require loans for working capital.

16. Lendeavor even places calls to consumer phone numbers like the Plaintiff in this case who does not own a business.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

17. Leandevor has a pool of phone numbers it uses to cold call as evidenced by the Plaintiff's allegations.

18. Plaintiff alleges that the same or similar 619-604-04xx telephone numbers were used to contact other individuals, forming part of a broad-based telemarketing effort. The volume and variety of phone numbers used to contact a single consumer strongly suggests the existence of a preconfigured autodialing or mass-calling campaign targeting many recipients without consent.

19. According to publicly available job postings for Defendant's sales roles, "day-to-day tasks will include conducting outreach."[3] Defendant uses outbound telemarketing to reach consumers en masse as part of its customer acquisition strategy.

20. In response to these calls, Plaintiff Cardenas brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF CARDENAS' ALLEGATIONS**

21. Plaintiff Cardenas is the sole owner and user of her cell phone number ending in 5615.

22. Plaintiff Cardenas has owned her cell phone number for over 10 years.

23. Plaintiff Cardenas registered her cell phone number on the DNC on November 9, 2023.

24. Plaintiff Cardenas uses her cell phone number for personal use only as one would use a landline telephone number in a home.

25. Plaintiff Cardenas uses her cell phone primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household purposes.

[3] https://www.linkedin.com/jobs/view/4187468078/

26. Plaintiff Cardenas does not have a landline in her home.

27. Plaintiff Cardenas' cell phone plan is paid for by herself. It is not reimbursed by a business.

28. Plaintiff Cardenas pays for a Go Unlimited Verizon plan for her cell phone number.

29. Go Unlimited is a plan for individuals or families that offers unlimited data, calling and texting.[4]

30. Plaintiff Cardenas has never had her cell phone number associated with a business.

31. This phone number is not used in any business or marketing materials.

32. On June 3, 2025 at 3:32 PM, Plaintiff Cardenas received an unsolicited call to her cell phone from 619-604-0419.

33. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

34. Plaintiff Cardenas told the employee that her number is on the DNC and ended the call.

35. On June 4, 2025 at 1:01 PM, Plaintiff Cardenas received a 2nd unsolicited call to her cell phone from 619-604-0446.

36. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

37. Plaintiff Cardenas told the employee that her number is on the DNC and ended the call.

38. On June 4, 2025 at 1:02 PM, Plaintiff Cardenas received a 3rd unsolicited call to her cell phone from 619-604-0446.

---

[4] https://www.wirefly.com/wireless-plan/verizon-go-unlimited

39. Plaintiff Cardenas did not answer this call.

40. On June 5, 2025 at 10:10 AM, Plaintiff Cardenas received a 4th unsolicited call to her cell phone from 619-604-0443.

41. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

42. Plaintiff Cardenas told the employee that she doesn't own a business and that her number is registered on the DNC.

43. On June 9, 2025 at 10:01 AM, Plaintiff Cardenas received a 5th unsolicited call to her cell phone from 619-604-0435.

44. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

45. Plaintiff disconnected the call.

46. On June 10, 2025 at 9:26 AM, Plaintiff Cardenas received a 6th unsolicited call to her cell phone from 619-604-0443.

47. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

48. Plaintiff Cardenas told the employee that her number is on the DNC and ended the call.

49. On June 10, 2025 at 5:43 PM, Plaintiff Cardenas received a 7th unsolicited call to her cell phone from 619-604-0443.

50. This call was not answered.

51. On June 11, 2025 at 9:38 AM, Plaintiff Cardenas received a 8th unsolicited call to her cell phone from 619-604-0446.

52. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

53. Plaintiff Cardenas told the employee that she doesn't own a business and that her number is registered on the DNC.

54. On June 12, 2025 at 11:47 AM, Plaintiff Cardenas received a 9th unsolicited call to her cell phone from 619-604-0427.

55. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

56. On June 13, 2025 at 9:39 AM, Plaintiff Cardenas received a 10th unsolicited call to her cell phone from 619-604-0429.

57. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

58. Plaintiff Cardenas asked the employee which company they are calling from and was told the company name is Lendeavor.

59. On June 19, 2025 at 2:21 PM, Plaintiff Cardenas received an 11th unsolicited call to her cell phone from 619-604-0427.

60. When Plaintiff Cardenas answered this call, an employee said that they were calling to provide funding for a business.

61. Plaintiff Cardenas asked the employee to confirm the company name and was told the name is Lendeavor.

62. Plaintiff Cardenas asked the employee to spell out the company name, which the employee did, spelling out "L-e-n-d-e-a-v-o-r."

63. Plaintiff believes that all of the aforementioned calls were from Lendeavor because each call was from a 619-604-04xx number within days of each other and all promoted the same exact product or service.

64. In addition, when all of the aforementioned phone numbers that Plaintiff received calls from are dialed, none of them are in service.

65. According to ClearOutPhone.io, the carrier for each of the aforementioned numbers is the same: American Messaging Services.[5]

66. Based on the above, Plaintiff Cardenas alleges that all of the calls were from Lendeavor.

67. Plaintiff Cardenas has never done business with Lendeavor.

68. The unauthorized solicitation calls that Plaintiff received from Defendant Lendeavor have harmed Plaintiff Cardenas in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

69. Seeking redress for these injuries, Plaintiff Cardenas, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

70. Plaintiff Cardenas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Lendeavor called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

[5] https://clearoutphone.io/carrier-lookup/

71. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Cardenas anticipates the need to amend the Class definition following appropriate discovery.

72. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

73. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

74. **Adequate Representation**: Plaintiff Cardenas will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Cardenas has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Cardenas and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Cardenas nor her counsel have any interest adverse to the Class.

75. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Cardenas. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Cardenas and the Do Not Call Registry Class)**

76. Plaintiff repeats and realleges paragraphs 1-75 of this Complaint and incorporates them by reference herein.

77. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

78. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

79. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Cardenas and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

80. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Cardenas and the Do Not Call Registry Class received more than one call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

81. As a result of Defendant's conduct as alleged herein, Plaintiff Cardenas and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

82. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cardenas requests a jury trial.

**ERICA CARDENAS**, individually and on behalf of all others similarly situated,

DATED this 15th day of July, 2025.

By: /s/ Stefan Coleman
Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

Avi R. Kaufman (pro hac vice forthcoming)
kaufman@kaufmanpa.com
KAUFMAN P.A.

237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*